IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

RODNEY C. DEAN, #244 759           *

    Plaintiff,                              *

    v.                                          *            2:07-CV-342-WKW
                                                             (WO)

DEPARTMENT OF CORRECTIONS,   *
*et al.*,
    Defendants.                          *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, Rodney Dean, is a state inmate currently incarcerated at the Ventress Correctional Facility. He files this 42 U.S.C. § 1983 action over a dispute regarding the provision of medical care at the prison as well as the conditions therein. Among the named defendants is the Alabama Department of Corrections ["ADOC"]. Upon review of the complaint, the court concludes that Plaintiff's complaint against the ADOC is subject to dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).[1]

**DISCUSSION**

The Alabama Department of Corrections is not subject to suit or liability under § 1983. The Eleventh Amendment bars suit directly against a state or its agencies, regardless

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

of the nature of relief sought. *Papasan v. Allain*, 478 U.S. 265 (1986); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984). Thus, Plaintiff's claims against the ADOC are "based on an indisputably meritless legal theory," and are, therefore, subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's claims against the Alabama Department of Corrections be DISMISSED with prejudice prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i);

2. The Alabama Department of Corrections be DISMISSED as a party to this cause of action; and

3. This case with respect to Plaintiff's claims against the remaining defendant(s) be referred back to the undersigned for further proceedings.

It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **May 21, 2007**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the

District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 17th day of May 2007.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE