IN THE United States District Court
for the Middle District of Alabama
Northern Division

Rodney C. Dean # 244759
  Plaintiff                           *
                                      *
V.                                    *    2:07-CV-342-WKW
                                      *         (WO)
                                      *
Department of Corrections,            *
et Al.,                               *
          Defendants                  *

<u>Reply and Rebuttal to Magistrate Judge
Motion to Dismiss D.O.C. as Defendants</u>

Comes now Plaintiff Rodney C. Dean, Pro-Se, pursuant to appropriate Rule and Authority herein respectfully files and submits his Reply and Rebuttal to the named Defendants in Regards to the above referred to cause of Action and will reply thereto as follows:

<u>Discussion</u>

Plaintiff would respond to the Magistrate's recommendation by first Responding to timelyness.
Plaintiff recieved the recommendation's on the 18th of May, 2007 at Approximately 5:30 P.M. and the due date listed on or before May 21st, 2007 the short period time allowed by the Magistrate to Respond Created a Logistical impossibility and therefore Plaintiff respond as soon as time frame allows and states the as follows:

**STATE OF ALABAMA**
Department of Corrections
*Inmate Stationery*

The Magistrate Judge stated: The Alabama Department of Correction is not subject to suit under 1983. The Eleventh Amendment bars suit directly against a state or its agencies, regardless of the nature of relief sought. Papasan V. Allain, 478 U.S. 89 (1986); Pennhurst State School & hosp. V. Halderman, 465 US 89 (1984) or seeks monetary damages from defendant who is immune from such relief. U.S.C. § 1915(e)(2)(B)(i)-(iii).

Plaintiff would drop his monetary damages #No. 4 listed in relief sought, for purposes as previously discussed, a jail official may be held liable under the eighth Amendment for acting with "diliberate indifference" to an inmate's health or safety when the official knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take resonable measures to abate it. Farmer V Brenan, 511 U.S. 825 (1994). The Eight Amendment proscibes those conditions of confinement which involve the wanton and unnecessary infliction of Pain. Rhodes V. Chapman, 452 U.S. 337 (1981). Only actions which deny inmates "the minimal civilized measure of Lif's necessities" are grave enough to violate the Eighth Amendment. Rhodes, 452 U.S. at 347.

Conditions of confinement may also constitute cruel and unusual punishment when the conditions involve or result in "wanton and unnecessary infliction of Pain, [or]... [Are] grossly disproportionate to the severity of the crime warranting imprisonment." Id. Conditions... Alone or in combination, may deprive inmates of minimal civilized measure of Life's necessities

**STATE OF ALABAMA**
Department of Corrections
*Inmate Stationery*

---

Such conditions could be cruel and unusual under the contemporary standard of decency... But conditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional." Id To determine whether conditions of confinement constitute cruel and unusual punishment, the court must look to the effect the condition has upon the inmate. Id at 366.

The court must examine the effect upon inmates of the conditions of the physical plant (lighting, heat, plumbing, ventilation, living space, noise levels, recreation space); sanitation (control of vermin and insects, clean places for eating, sleeping, and working.); safety (protection from violent, deranged or diseased inmates, fire protection, emergency evacuation); inmate needs and services (clothing, nutrition, bedding, medical, dental, and mental health care, visitation time, exercise and recreation, educational and rehabilitative programming); and staffing (trained and adequate guards and other staff, avoidance of placing inmates in positions of authority over other inmates.)... When "the cumulation impact of the conditions of incarceration threatens the physical, mental, and emotional health and well-being of the inmates..." the court must conclude that the conditions violate the Constitution.

Id. At 363-64 (Justice Brennan Concurring)(Citations omitted)

In a case complaining about the conditions of confinement generally or about several different conditions, the court should consider whether the claims together amount to conditions which fall bellow constitutional standards. Hamm v. Dekalb County, 774 F.2d 1567

**STATE OF ALABAMA**
Department of Corrections
*Inmate Stationery*

(11th Cir. 1985); see also Chandler V. Baird, 926 F.2d 1057 (11th Cir. 1991).

Plaintiff alleges the D.O.C. is guilty of the following:

1. Insufficient hot water supplys (decades old)
2. Addhearing to his shaving profiles Wanton, Malicious
3. Cutting hair in front of chow hall while (6) fans are blowing hair up in chow hall while inmates are tring to eat Inwhich The D.O.C is sopose to provide clean places for eating.
4. Suplying bleach for clothing and beding
5. blanket are only cleaned (2) times a year
6. diseased inmates such as staph Infection
7. beding (mattress cracked up and stuffing coming out.
8. regulation hair cut's = cut bald head with blood appearing from not useing clipper guards
9. not cleaning clippers.
10. over croweding 1,800 inmates in a 500 cap.
11. dryer working at 3 times it's normally designed 3 shift's running washing machine clothes with "NO" Bleach unLess you pay for Bleach.
11. clothing from dryer's Left still wet.

Plaintiff show's all these thing's causes staph Infection. This is were the root of the problem lies at with The Department of Correction's these Defendant all have been put on notice, but fail to correct these conditions

**STATE OF ALABAMA**
Department of Corrections
*Inmate Stationery*

The Preresquites Allowed by the Court are as followed:

1.) Substantial Likelyhood of success on the merits. Under the preponderance of evidence, the Plaintiff has approxiately 1800 inmates who can testify to the facts of the case and further the Allegation's of Plaintiff's are to be excepted to Be true, untill other wise contraverted. Jolly V. Kloin, F.Supp 931 (Tex 1996) Key 8-2 on 942, U.S. V. Gaubert, 499 U.S. 315, 327, 113 L.ED.2d 335 (1991) Powell V. Lennon, 914 F.2d 1459, 1463 (11th Cir 1990)

2.) A Substantial treat of irreparable harm or Injury with out the injuction:
Plaintiff's asserts that there will be a irreparable harm in that the actions of the defendants causes wanton, and malicious inflection of pain upon the Plaintiff because the scraping accross an infected head with unsanitary clippers is not only painful cruel punishment, but in addition, unnecessarily spreads the STAph infection from one Inmate to another and DOC can not take back the pain once it is given. See Martinelli V. Dugger, 817 F.2d 1499 (11th Cir) p. 1500 4. Constitutional Law at Key # 84.5 (14) quote: Medical exemption, which permitted one-quarter in beards were staff Physician determined that Shaving would be detrimental to Inmate's health. It would be better To trim beard rather than no beard at all.

**STATE OF ALABAMA**
Department of Corrections
Inmate Stationery

3.) That the harm to plaintiff outweighs the harm to the non-moving parties.

In the instant case the D.O.C. would suffer no harm what so ever to be ordered to sease and desist the wanton infliction of pain and spreding the Staph Infection from one inmate to another. SEE CASE: 1:06-CV-00452-TMH-CSC Jowell S. Nunn v. Gregg Ward Sheriff Page 2 of 16 (quote):

Upon learning of infected inmate, jail officials also sough advice from medical officials on ways to prevent the spread of the infection. (Id.) As a result, jail officials purchased a new hot water heater, which was set to a higher than average temperature, and installed hand sanitizers in each cell. (Id., at p.6) In addition, jail officials ordered staff members and trusties to wash all used towels and wash cloths every day and increase the amount of "Clorox" used in each wash. (Id)

4.) That and injunction would be in the public interest.

A preliminary injuction would serve a two fold purpose. 1.) to cause the Defendants to take necessary steps to correct the increasing disease. 2.) Prevent further more costly legal actions, and prevent the spread of the disease from reaching epidemic preportions. Ventress Corr. facility is a transit camp facility transferring inmates to other facilities on a daily basis. See Boritti v. Wiscomb, 930 F.2d 1150, 1155, (6th Cir,1991) quote (Pain inflicted "when relief is readily available" is Actionable even if "No" lasting impact); In Westlake v. Lucas, 519 F.2d 857, 860 (6th Cir. 1976). This court

**STATE OF ALABAMA**
Department of Corrections
Inmate Stationery

held that a prisoner who suffers pain needlessly when Relief is Readily available has a cause of action against those whose deliberate indifference is the cause of his suffering. The Supreme Court in Estelle v. Gamble cited Westlake and stated that the unnecessary suffering which results from a denial of medical care is inconsistent with contemporary standards of decency. 429 U.S. At 103, 97 S. Ct. At 290. In the present case, Plaintiff has alleged this type of suffering, and the Record Indicates that relief was Readily available.

## Conclusion

The Plaintiff requests for Relief is with merit, and furthermore has proven by the evidence now before the court. The Plaintiff has demonstrated both through substantial evidence and appropriate precedent that there is genuine issue of facts relating to constitutional Vilations, and that Plaintiff is, therefore, entitled to Kept the D.O.C. as defendant's and pray that the magistrate Judge GRANT a preliminary injunction to Kept the spread of Staph Infection disease from Reaching epidemic preportions.

Done this 19 day of May, 2007

Rodney Dean 244759
Rodney C. Dean, AIS #244759
Ventress Correctional Facility
P.O. Box 767
Clayton, AL 36016-0767

Rodney C. Jenkins
Ventress Correctional Facility
P.O. Box 767
Clayton, AL 36016

Office of the Clerk
United States District C[ourt]
P.O. Box 711
Montgomery, Alabama 36[101]

THIS CORRESPONDENCE IS FORWARDED
FROM AN ALABAMA STATE PRISON. THE
CONTENTS HAVE NOT BEEN EVALUATED
AND THE ALABAMA DEPARTMENT OF
CORRECTIONS IS NOT RESPONSIBLE FOR
THE SUBSTANCE OR CONTENT OF THE
ENCLOSED COMMUNICATION