IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DISTIRCT

RODNEY C. DEAN, #244 759

Plaintiff,

v.                                         *        CASE NO. 2:07-CV-342-WKW

WARDEN J.C. GILES, et al.,            *

Defendants.                        *

**PLAINTIFF'S RESPONSE TO DEFENDANTS WRITTEN REPORTS**

COMES NOW Plaintiff Rodney C. Dean, AIS# 244759, in the above styled case, and respectfully requests this Honorable Court to accept his response to the defendants written report.

    I.       Plaintiff was an inmate at the Ventures Correctional Facility and did plead guilty to trafficking of Marijuana.

    II.      Plaintiff has never been charged nor convicted of being a sex offender or registering as a sex offender and is highly offended to this accusation. Defendants exhibit F, is not the plaintiff.

    III.     Plaintiff also states that defendants Exhibit H, is not him either. This should show the court that the defendants do not know whom they are talking about and should show just cause for an investigation on the operations at the Ventress Correctional Facility.

    IV.      Plaintiff has seen on numerous occasions the Health Department Inspector come into Ventress Correction Facility and correct the Correctional Officers (Sergeant Longmire) and the barbers on the health hazards on cutting hair in the doorway of the Chow Hall. They quickly relocate to the Shift Office and resume cutting hair after the health department inspector leave. It has also been stated they will do what they want because they can. There is no outside interest in seeing that prisoners have sanitary living conditions.

                The Supreme Court has stated that injunctive relief should be "conditioned by the necessities of public interest which [the rules, regulations, or

    laws...] sought to protect." **Pecht Co. v. Bowlee,** 321 U.S. 231, 64 s. Ct. 587 (1944).

    The intent of the government in passing it's laws and requiring prison officials to comply with law "is a public interest aspect which cannot be ignored." Id., at 339-340. That if relief were denied Plaintiff and other inmates they would suffer more than prison officials. Plaintiff alleges to this Honorable Court that case law is stronger than that the law supporting the Defendants.

V.  Plaintiff did not file the proper grievous papers due to treats of "You will be dealt with later and/or I will get you back. Plaintiff also witnessed inmates being beat with sticks unnecessarily by Correctional Officers and did not want to be beaten or to make anyone mad or angry with him. Plaintiff was always in compliance with the rules at Ventress.

VI.  Plaintiff also states that in September 2006, Dorm #8 (now called Dorm D, the hot water exchanger burned out for about 3 and ½ half months, Plaintiff had no hot water to take a shower nor have hot water to shave or mop the floors with. In October of 2006 the exchanger was replaced, but mixer valves that kept the water distributed and mix water up, so all the water the tank stays hot were not replaced. According to Correctional Officers this was their excuse for inmates not having any hot water. About Sixty (60) inmates signed and sent a petition asking Warden Giles to please fix the hot water. Warden Giles told the inmates over five signatures was inciting a riot, and they could all receive disciplinary action. **Matthews v. Peters**, 818 F. Supp. 224 (N.D. I11 1993}, p. 225, quote 2, Civil Rights at key 214(7):

      Prison officials would not be relieved of qualified immunity grounds from having to defend inmates lawsuit claiming violation of constitutional rights by depriving him of hot water while confined in segregation in view of showing a deliberate indifference be remediable conditions. 42 U.S.C.A. §1983, U.S.C.A. Const. Amend. 8,14.

  In March 2007 Inmates put Warden Giles on notice by sending Commissioner Richard Allen a copy of the complaint filed regarding the inadequate supply of hot water.

VII.  Plaintiff also states he did say he cleaned his face with hot water but this was after the hot water was fixed. Plaintiff also states he has no proof except to state that this can be confirmed by official documents and/or be interviewing other inmates.

VIII.   Plaintiff states that Sergeant Carolyn Longmire, is giving false statements to this court about the shaving profiles and that the staff did not observe the shaving profiles given to the plaintiff. Plaintiff also states he never saw sanitized shaving clippers. Inmates were shaven one after another without any type of sanitation and/or guards. Plaintiff also states he was told it did not matter if he had a shaving profile they would make him shave anyway. Plaintiff never allowed his facial hair to grow over a 1/8 of an inch long nor was he allowed to and was always in compliance with the rules at Ventress Correctional Facility.

IX.   Plaintiff is a Native American prisoner and scalped every time he went to the prison chow hall on he days that meals were served that included French fries, hot dogs, fish, etc. Plaintiff being indigent and having no money to pay the barber, I would have to put up with this type of treatment and this was humiliating when I would have a visit from my wife and mother.

X.   Plaintiff is not trying to intimidate or harass anyone by this complaint. Plaintiff feels he and other inmates are treated improper by the officers at Ventress and are not going by the laws set forth by the State of Alabama.

XI.   Plaintiff states he does not have any physical proof (just scares on his face & notes he has taking), neither documents, nor affidavits except for what he has already stated in his complaint. Plaintiff is no longer incarcerated at Ventress and cannot obtain any statements from other inmates and respectfully requests this Honorable Court to set a hearing date in the above styled cause.

XII.   Plaintiff seeks a judgment directing Defendants to reimburse Plaintiff of all costs incurred in the prosecution of this cause of action and any/all other forms of relief that he is entitled to.

Done this the 17th day of September, 2007.

                                          Respectfully submitted,

                                          Rodney C. Dean AIS#244759
                                          Loxley Work Release Center
                                          P.O. Box 1030
                                          Loxley, Alabama 36551-1030

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon all parties by placing copies in the U.S. Mail, postage prepaid this the 17th day of September, 2007.

                        Respectfully submitted,

                        Rodney C. Dean AIS#244759
                        Loxley Work Release Center
                        P.O. Box 1030
                        Loxley, Alabama 36551-1030

| | |
|---|---|
| Bettie J. Carmack, Esq. | Paul M. James, Jr. |
| Office of the Attorney General | Rushton, Stakely, Johnston & |
| Alabama State House | Garrett, P.A. |
| 11 South Union Street | P.O. Box 270 |
| Montgomery, Alabama 36130-0152 | Montgomery, Alabama 36101-0270 |

RODNEY DEAN AIS#244759
LOXLEY WORK RELEASE CENTER
P.O. BOX 1030
LOXLEY, ALABAMA 36551-1030

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
P.O. BOX 711
MONTGOMERY, ALABAMA 36101-0711



U.S. POSTAGE PAID
ANNISTON, AL
36201
SEP 18, 07
AMOUNT
$0.41
0002585-02